COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                    SUPREME JUDICIAL COURT
                                FOR SUFFOLK COUNTY
                                NO: BD-2024-011

IN RE: LAURENCE POTTER MORIN

<u>MEMORANDUM OF DECISION</u>

This matter came before me on an Information and Record of Proceedings filed by the Board of Bar Overseers (Board) pursuant to S.J.C. Rule 4:01, § 8(6), as appearing in 453 Mass. 1310 (2009). The respondent, Laurence Potter Morin, was charged by the Office of Bar Counsel (bar counsel) with, inter alia, intentionally converting approximately $430,000 of his brother's, Paul Morin's (Paul), money that had been entrusted to the Respondent's care by Paul while Paul was incarcerated.[1] For the reasons set forth below, it is ordered that a judgment shall enter disbarring the respondent from the practice of law in the Commonwealth.

<u>BACKGROUND</u>

In May 2022, bar counsel filed a two-count petition for

---

[1] The respondent presently is administratively suspended for failure to comply with S.J.C. Rule 4:03, § 2, in Bar Docket No. BD-2020-074 (Lowy, J.).

discipline against the respondent.  Count I alleged that the respondent failed to safeguard Paul's funds and intentionally used the funds for his own benefit with continuing deprivation, thereby violating Mass. R. Prof. C. 1.15 (b), as appearing in 440 Mass. 1338 (2004) (failure to hold trust property separate from lawyer's own property); rule 8.4 (c), as appearing in 471 Mass. 1483 (2015) (engaging in conduct that involves dishonesty, deceit, fraud, or other misrepresentations); and rule 8.4 (h), as appearing in 471 Mass. 1483 (2015) (engaging in other conduct that reflects adversely on attorney's fitness to practice law).  Count II alleged that the respondent, upon Paul's discovery of the conversion while still in prison, failed to render a full accounting when requested to do so by Paul, made intentional misrepresentations regarding the status of the funds in the form of falsified bank statements, and failed intentionally to return Paul's personal property, thereby violating Mass. R. Prof. C. 1.15 (c), as appearing in 440 Mass. 1338 (2004) (failure to promptly deliver trust property to client upon request); rule 1.15 (d), as appearing in 440 Mass. 1338 (2004) (failure to promptly render full written accounting regarding of trust property upon request); rule 8.4 (c); and rule 8.4 (h).

Following considerable motion practice between the respondent, who was represented by counsel at the time, and bar

counsel, a hearing was held remotely on December 5 and 6, 2022. Fifty-two exhibits were admitted, and five witnesses testified, including Paul, bar counsel's financial investigator, and two of Paul's friends who helped him recover some of his property from the respondent while still in prison.  Approximately two weeks prior to the hearing, the respondent notified the Board that he would no longer participate in the proceedings.  The hearing therefore took place in the absence of the respondent and his counsel.

On July 31, 2023, the hearing committee released its report.  As to Count I, the hearing committee found that the respondent had not acted as Paul's attorney during the charged period; rather, Morin acted as Paul's fiduciary.  Consequently, bar counsel did not prove a violation under Rule 1.15 (b) (lawyer "shall hold trust property separate from the lawyer's own property"), which requires that property or funds held by a lawyer must be held "in connection with a representation" to qualify as "trust property."[2]  The hearing committee found that

---

[2] See Mass. R. Prof. C. 1.15 cmt. 2 ("In general, the phrase 'in connection with a representation' includes all situations where a lawyer holds property as a fiduciary, including as an escrow agent.  For example, an attorney serving as a trustee under a trust instrument . . . holds property 'in connection with a representation.  However, a lawyer serving as a fiduciary who is not actively practicing law does not hold property 'in connection with a representation'" [emphasis added]); Matter of Long, 29 Mass. Att'y Disc. R. 416, at *7 n.3 (attorney violated Mass. R. Prof. C. 1.15 despite handling trust funds in trustee

Morin had violated Mass. R. Prof. C. 8.4 (c) and (h), because his conduct was dishonest and reflected adversely on his fitness to practice law, respectively.

As to Count II, the hearing committee found that the account statements sent to Paul by the respondent were false. Further, the hearing committee found that the respondent did not return Paul's personal property despite repeated requests. Lastly, the hearing committee found that the respondent failed to provide a full accounting of Paul's funds.  The hearing committee found that Morin violated Mass. R. Prof. C. 8.4 (c) and 8.4 (h) for intentionally misrepresenting the account statements and failing to return Paul's property, but not 1.15 (c) or 1.15 (d) for want of an attorney-client relationship.[3]  See n.2 supra.

The committee found the following factors in aggravation: (i) engaging in an extended course of misconduct; (ii) misconduct motivated by self-interest; (iii) failure to make restitution; and (iv) failure to participate in

---

capacity because he was actively practicing attorney holding property as fiduciary).

[3] One member of the committee would have found that an implied attorney-client relationship existed between the respondent and Paul.  Consequently, the dissenting committee member would have found that the respondent violated Mass. R. Prof. C. 1.15 (b), (c), and (d).

4

disciplinary proceedings.  See Matter of Clooney, 403 Mass. 654, 657 (1988) ("persistent and extended pattern of improper and unethical behavior" warrants harsher sanction); Matter of Pike, 408 Mass. 740, 745 (1990) (centering financial interest above ethical responsibilities calls for "discipline in excess of a token suspension"); Matter of Eisenhauer, 426 Mass. 448, 457 (1998) (improper conversion of trust assets "exacerbated" by attorney's "failure to make any restitution"); Matter of Gustafson, 464 Mass. 1021, 1023-1024 (2013) ("Failure to cooperate in the disciplinary process may be considered as a factor in aggravation of other misconduct").  The committee did not find any circumstances in mitigation that would warrant a reduced sanction; nor did the respondent allege any facts in mitigation.

　　The hearing committee recommended that the respondent be disbarred.  The board voted to adopt the committee's recommendation.  See Matter of Barrett, 447 Mass. 453, 22 Mass. Att'y Disc. 58 (2006) (two-year suspension from practice of law appropriate where CEO-attorney misappropriated $130,000 of corporate funds while not engaged in practice of law); Matter of Gleason, 10 Mass. Att'y Disc. R. 141 (1991) (two-year suspension where respondent forged investor's signature to power of attorney, and procured notarization of forgery by misrepresentation, in order to induce investors to complete

land purchase for personal investment).  Compare Matter of Schoepfer, 426 Mass. 183, 186-187 (1997) (presumptive sanction for conversion or misappropriation of client funds is disbarment or indefinite suspension).

## PROCEEDINGS BEFORE THIS COURT

An Order of Notice was issued and served on the respondent in the manner specified in S.J.C. Rule 4:01, § 21, directing him to appear before this Court, via remote hearing on March 29, 2024.  The hearing was held, attended by assistant bar counsel and the respondent.  At hearing, the respondent requested that I reject the findings of the hearing committee, which were adopted by the board, and either conduct or order a remand for purposes of conducting an evidentiary hearing anew.[4]  Considering the respondent's decision not to participate in the evidentiary process before the hearing committee, the respondent's request made at hearing is DENIED.

## APPROPRIATE SANCTION

The "primary concern in bar discipline cases is 'the effect upon, and perception of, the public and the bar.'"  Matter of Crossen, 450 Mass. at 573, quoting Matter of Finnerty, 418 Mass.

---

[4] Contrast § 3.59 of the Rules of the B.B.O. (providing that party to bar discipline proceeding may petition to reopen proceeding "any time after the conclusion of a hearing in a proceeding, and before a report has been issued" [emphasis added]).

6

821, 829 (1994).  See, e.g., Matter of Alter, 389 Mass. 153, 156 (1983).  "The purpose of the disciplinary rules and accompanying proceedings is to protect the public and maintain its confidence in the integrity of the bar and the fairness and impartiality of our legal system."  Matter of Curry, 450 Mass. 503, 520-521 (2008).  "The appropriate level of discipline is that which is necessary to deter other attorneys and to protect the public." Matter of Curry, supra at 530, citing Matter of Concemi, 422 Mass. 326, 329 (1996).  "In considering the appropriate sanction, 'the board's recommendation is entitled to substantial deference.'"  Matter of Zankowski, 487 Mass. at 153, quoting Matter of Tobin, 417 Mass. 81, 88 (1994).

    Considering the extended and staggering misuse of funds trusted to respondent's care by his brother, as well as the respondent's subsequent attempts to conceal his misconduct, I agree with the board that disbarment is the appropriate sanction in the circumstances of this case.  See Matter of Tracia, 31 Mass. Att'y Disc. R. 640 (2015) (attorney disbarred for violating Mass. R. Prof. C. 8.4 [c] and [h] for intentional misuse of his father's funds with deprivation when acting under

power of attorney); <u>Matter of Goldberg</u>, 434 Mass. 1022, 1023 (2001).

                                                By the Court,

                                                <u>/s/ Dalila Argaez Wendlandt</u>
                                                Associate Justice

Entered: April 16, 2024